IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| **STEPHEN PARR**, <br><br> Plaintiff, <br><br> v. <br><br> **UNION PACIFIC RAILROAD COMPANY**, <br><br> Defendant. | Case No. 4:24-cv-00094-SRB |

**DEFENDANT UNION PACIFIC RAILROAD COMPANY'S RESPONSE IN OPPOSITION TO PLAINTIFF'S TRIAL BRIEF (section "(d)" Doc. 105, pp. 15-22) ON ISSUE OF UNRELATED and UNDISLOSED OSHA AWARDS AND NEWS RELEASES**

Defendant Union Pacific Railroad Company ("Union Pacific" or "Defendant"), hereby submits Defendant's Response in Opposition to Plaintiff's Trial Brief On Issue of Unrelated OSHA Awards and News Releases:

**ARGUMENT**

Plaintiff's trial brief (**Exhibit A: Plaintiff's Trial Brief, section (d) (Doc. 105, p. 15-22**) seeks to have the Court allow certain unrelated OSHA awards and documents into evidence. Notably, the Court already precluded this type of evidence at the pretrial conference (Exhibit issue has already been ruled upon by the Court, and Plaintiff's attempts to introduce these awards into evidence must be denied:

    **A. The Court Already Ruled that Evidence or Argument of Prior Unrelated FRSA Administrative Decisions, Lawsuits, Complaints, OSHA Findings, Investigations, and Settlements of Negotiations Relating to Such Actions is Excluded**

Plaintiff is inappropriately attempting to introduce evidence in the record that has already been argued by the parties and excluded by the Court. **Exhibit B: Court's Ruling on MIL 10.** Plaintiff's Exhibits 3-7 (**Exhibit A**) concern "prior unrelated FRSA administrative decisions, lawsuits, complaints, OSHA findings, investigations and settlement negotiations relating to such actions" (**Exhibit B**). The Court already excluded this type of evidence. Id. Additionally, Union Pacific moved in limine to exclude "evidence or argument of termination, dismissal, discipline, or alleged retaliation by or against other employees." *Id.* The Court also granted Union Pacific's overlapping Motion in Limine on this issue. Once evidence is excluded under Rule 403, a party cannot attempt to repackage or reoffer it. *See Wilmington v. J.I. Case Co.*, 793 F.2d 909, 919 (8th Cir. 1986) (upholding exclusion of prior findings where admission would usurp the jury's role and cause unfair prejudice).

### B. Plaintiff's Exhibits 3-7 Are Misleading and Will lead to a "Trial Within A Trial"

At the pretrial conference, the Court repeatedly advised the parties that this case would not be a "trial within a trial" about other employees, issues, and matters. Further, Plaintiff's attempt to inject this type of evidence is misleading. With regard to the purported OSHA findings in Plaintiff's Exhibits 5 and Exhibit 6 (**Exhibit A**), those OSHA findings were subsequently appealed by UP and overturned and/or dismissed by the ALJ and ARB. See **Exhibits D and C.** With regard to Plaintiff's Exhibit 3 (Garza) (**Exhibit A**), that recent OSHA finding is not a final determination and the same has also been appealed by Union Pacific. **Exhibit E.** That is a disputed matter that is still in dispute and not finally determined. Id.

Notably, and importantly, none of the findings and information in Exhibits 3, 4, 5, 6, and 7 are "final" determinations. They are either preliminary OSHA findings subject to de novo review before an administrative law judge, or determinations that have been appealed or dismissed at the

ALJ level. See **Exhibits C, D and E**. In sum, they are disputed findings which are not final and will definitely turn the case into a trial within a trial in violation Fed. R. Evid. 403. They are also improper character evidence under Fed. R. Evid. 404. Importantly, Plaintiff's suggestions about what these documents mean is not accurate and would be misleading.

As the Eighth Circuit has recognized, preliminary or non-final administrative determinations carry little probative value and risk confusing the jury. *Johnson v. Yellow Freight Sys., Inc.*, 734 F.2d 1304, 1309 (8th Cir. 1984) (excluding prior agency finding). All of Plaintiff's alleged OSHA materials are irrelevant collateral matters (**Exhibit A**, 3, 4, 5, 6 and 7) which lack the binding legal effect that Plaintiff attributes to them (**Exhibit C, D and E**), the results were actually the opposite of what Plaintiff wishes to suggest to the jury. Id. They will confuse, mislead the jury and be highly prejudicial to Union Pacific and evidence regarding same should not be allowed under Fed. R. Evid. 403 and 404.

### C. The Exhibits are Inadmissible Hearsay Without an Exception

Exhibits 3, 4, 5, 6 and 7 (**Exhibit A**) are also inadmissible hearsay under Fed. R. Evid. 801(c), as they are out-of-court statements offered for the truth of the matters asserted—that OSHA or other administrative bodies found Union Pacific to have violated the FRSA in unrelated cases, which also happens to be untrue. Exhibits C, D and E. Plaintiff cannot meet his burden to overcome the rule against inadmissible hearsay. Fed. R. Evid. 801.

No hearsay exception applies. Because these exhibits contain only preliminary findings and conclusory determinations, they fall outside Rule 803(8) and must be excluded as hearsay.

### D. Admission of the Exhibits Would be Misleading and Cause Mini-Trials Within the Trial

3

As outlined in Union Pacific's Motions in Limine, allowing OSHA's preliminary findings and unrelated administrative proceedings into evidence would require the jury to conduct collateral trials on each of those matters—examining the facts, defenses, procedural history, and credibility assessments underlying each irrelevant decision. Courts have repeatedly rejected such invitations to litigate "trials within a trial." *See Johnson*, 734 F.2d at 1309. The prejudice and confusion that would result from putting these matters in front of the jury would substantially outweigh any marginal probative value under Fed. R. Evid. 403.

### E. Plaintiff's Failure to Timely Disclose the Exhibits Requires Exclusion

Finally, even if the exhibits were otherwise admissible, they should be excluded because Plaintiff failed to disclose them during discovery. Under Fed. R. Civ. P. 26(a) and (e), parties are required to disclose documents they intend to use at trial and to supplement disclosures in a timely manner. Failure to do so triggers Rule 37(c)(1), which provides that "the party is not allowed to use that information or witness to supply evidence… at a trial, unless the failure was substantially justified or is harmless." As can be clearly seen, these documents lack any bates stamps and were sought to be introduced at the 11th hour. They were not included in any of Plaintiff's Rule 26 disclosures or document productions during discovery.

Defendant has been denied any proper opportunity to prepare to meet this evidence which Plaintiff never disclosed in discovery. The prejudice is self-evident, and exclusion is mandatory under Rule 37(c)(1).

### CONCLUSION

For these reasons, Plaintiff's request in Section III(d) to admit Exhibits 3, 4, 5, 6, 7 (**Exhibit A**) must be denied. The Court has already excluded this type of evidence, the exhibits are not final determinations of the Secretary of Labor, they are hearsay without an exception, and their

4

admission would confuse the jury, cause undue prejudice, and result in multiple collateral mini-trials. Plaintiff's last-minute attempt to introduce these documents—after discovery closed and on the eve of trial—further requires their exclusion under Rule 37(c)(1). For all of these reasons, Plaintiffs' Exhibits 3, 4, 5, 6, and 7 should be excluded, and any evidence or argument regarding them should also be excluded.

Respectfully submitted,

**KNIGHT NICASTRO MACKAY, LLC**

*/s/ Trent R. Church*
Trent R. Church, MO Bar 59102
Chad M. Knight, MO Bar 68627
Nicholas Snow, MO Bar 71388
304 W. 10th Street
Kansas City, Missouri 64105
Telephone: (785) 766-6376
Facsimile: (816) 396-6233
church@knightnicastro.com
knight@knightnicastro.com
snow@knightnicastro.com
**ATTORNEYS FOR DEFENDANT
UNION PACIFIC RAILROAD COMPANY**

**CERTIFICATE OF SERVICE**

       I hereby certify that on September 18, 2025, the foregoing was served electronically by filing same with the Court's electronic filing system which provided notice and service to all counsel of record including the following:

Jerome J. Schlichter
Charles A. Armbruster, III
Jonathan S. Jones
SCHLICHTER BOGARD LLP
100 South Fourth Street, Suite 1200
St. Louis, MO 63102
Phone: 314.621.6115
Fax:    314.621.7151
jschlichter@uselaws.com
carmbruster@uselaws.com
jjones@uselaws.com
**Attorneys for Plaintiff**

                                                   */s/ Trent R. Church*
                                                   Attorney for Defendant Union Pacific Railroad Company